# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| LAUREL VALLEY OIL CO., <br> Debtor. | CASE NO. 05-64330 |
| | ADV. NO. 07-6109 |
| ANTHONY J. DEGIROLAMO, <br> Plaintiff, | JUDGE RUSS KENDIG |
| v. | **MEMORANDUM OF OPINION ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND (NOT INTENDED FOR PUBLICATION)** |
| TRUCK WORLD, INC., <br> Defendant. | |

Now before the Court is the Motion for Leave to Amend Pleading, filed by Defendant Truck World, Inc. ("Defendant") on May 1, 2009. Defendant seeks to amend its answer to add an additional affirmative defense not raised in its initial answer, filed August 9, 2007. On May 22, 2009, Plaintiff Anthony J. DeGirolamo, the appointed chapter 7 trustee in this matter ("Plaintiff or "Trustee") filed a memorandum opposing leave to amend.

The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), (F), and (H). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this adversary proceeding nearly two years ago, filing his complaint on July 3, 2007. Trustee sought to avoid and recover alleged fraudulent and preferential transfers, as well as to disallow Defendant's claim against the estate. Defendant filed its initial answer soon thereafter, on August 9, 2007.

Truck World was tardy in filing its initial disclosures under Fed. R. Bankr. P. 7026 (incorporating Fed. R. Civ. P. 26 into bankruptcy practice). In addition, Truck World did not

timely respond to Trustee's initial discovery requests, which were served upon Defendant on October 31, 2007. Truck World filed a motion for summary judgment on February 29, 2008. On March 10, 2008, Plaintiff filed a motion to compel production of Defendant's initial disclosures, as well as responses to Plaintiff's initial discovery requests. The Court entered an order granting that motion on March 26, 2008, establishing a deadline of April 11, 2008 for Defendant to respond, and extending the discovery period through May 9, 2008. Defendant produced some responses on April 11, 2008, but Trustee and Defendant nevertheless moved jointly for a further extension of the discovery deadline on April 21, 2008. The Court granted that motion on April 24, 2008.

Trustee sent a second round of paper discovery requests to Defendant on April 25, 2008. Again, Defendant was slow in responding. Plaintiff and Defendant made another joint motion to extend the discovery and dispositive motion deadlines on July 21, 2008. The Court entered an order granting this extension on July 23, 2008. Plaintiff deposed Defendant's witnesses throughout August and September of 2008 on the issues raised in the initial pleadings. The discovery deadline ultimately expired on October 6, 2008. Some documents Plaintiff requested from Defendant had still not reached Plaintiff by that time, including Defendant's financial information, which Plaintiff did not receive until November 2008. Trustee filed a motion for sanctions against Defendant on November 21, 2008 for its failure to produce those statements, supported by substantial documentary evidence; the Court granted that motion on the issue of liability on December 5, 2008; the issue of the extent of Plaintiff's damages, including reasonable attorneys' fees, remains pending before this Court. Plaintiff ultimately filed its response to Defendant's motion for summary judgment on February 12, 2009, along with voluminous evidence. On May 19, 2009, after the instant motion to amend was filed, the Court entered an opinion finding that genuine issues of material fact remained on all counts of Plaintiff's complaint, and therefore denying summary judgment for Defendant.

On May 1, 2009, Defendant filed the instant motion to amend. Defendant seeks to amend its answer to add one additional paragraph under the "affirmative defenses" heading. The new paragraph would assert the affirmative defense that the transfers that Trustee seeks to avoid are unavoidable under § 546(e) of the Bankruptcy Code, notwithstanding the provisions that otherwise would allow for the avoidance of those transfers as preferential or fraudulent. In its motion for leave to amend, Defendant asserts that the transfers in question "were settlement payments ... by or to a commodity broker, or forward contract merchant in connection with a commodity contract or forward contract." (Def.'s Mot. for Leave 2.)

On May 22, 2009, Plaintiff filed his response to Defendant's motion to amend its answer, arguing that Defendant's failure to plead the affirmative defense it now seeks to raise until this late stage of the case constitutes a waiver of that defense, that allowing such leave at this point would be prejudicial given the time and money already invested in discovery on the issues raised in Defendant's initial answer, and that Truck World's dilatory conduct and alleged bad faith militate against the appropriateness of using the Court's discretion to allow Defendant to amend its answer now.

2

## LEGAL ANALYSIS

Trustee is correct.

### I. Immunity to Avoidance of Certain Transfers under § 546(e) is an Affirmative Defense

Federal Rule of Bankruptcy Procedure 7008 (incorporating, *inter alia*, Fed. R. Civ. P. 8(c)(1) into bankruptcy practice) requires that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense," including, but not limited to, certain affirmative defenses enumerated therein. Fed. R. Civ. P. 7008. More broadly, "[a]ny matter that does not tend to contravert the opposing party's *prima facie* case as determined by applicable substantive law should be pleaded as an affirmative defense, and is not put in issue by a denial made pursuant to Fed. R. Civ. P. 8(b)." Scott v. Almiro Fur Fashion Design (In re Fisher), 100 B.R. 351, 355 (holding that the contemporaneous-exchange and ordinary-course-of-business exceptions to a bankruptcy trustee's power to avoid preferential transfers were in the nature of affirmative defenses, not denials of a trustee's case in chief).

Defendant's proposed amended answer places the § 546(e) defense under its affirmative defenses heading, and does not appear to dispute that the provision is a an affirmative defense:

> Notwithstanding sections 544, 545, 547, 548 (a)(1)(B), and 548 (b) of this title, the trustee may not avoid a transfer that is a margin payment, as defined in section 101, 741, or 761 of this title, or settlement payment, as defined in section 101 or 741 of this title, made by or to (or for the benefit of) a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency, or that is a transfer made by or to (or for the benefit of) a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency, in connection with a securities contract, as defined in section 741 (7), commodity contract, as defined in section 761 (4), or forward contract, that is made before the commencement of the case, except under section 548 (a)(1)(A) of this title.

11 U.S.C. § 546(e). The structure of this provision is that of an affirmative defense: even if a trustee can succeed in proving the elements of a case in chief under any of the enumerated avoidance provisions, § 546(e) intervenes to shield the transfer from avoidance, except in cases where § 548(a)(1)(A) (actual fraud) applies.

The Court need not analyze this further, as Defendant does not appear to contest that this is an affirmative defense, and indeed, Defendant lists it in its proposed amended answer under affirmative defenses.

3

## II. Justice Does Not Always Require Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) (incorporated into bankruptcy practice by Fed. R. Bankr. P. 7015) provides that, unless a party has the right to amend its pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P 15(c)(2). Defendant does not have the opposing party's written consent, so the issue is whether justice requires the Court to grant such leave in this instance. The Supreme Court has held that certain factors militate against finding that justice requires such leave, but that in the absence of such factors, leave should be granted:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Foman v. Davis, 371 U.S. 178, 182 (1962) (single quotes in original); see also Estes v. Ky. Utils. Co., 636 F.2d 1131, 1133 (6th Cir. 1980). In sum, while the matter is an issue committed to the discretion of the trial courts, it is discretion that, if exercised against leave to amend, must be justified by reference to at least one "apparent or declared reason" justifying that refusal. The Supreme Court enumerated a list of certain reasons that could justify such a refusal, and made that list nonexhaustive by use of the term "etc."

### A. Undue Delay

Defendant has offered no reason why this defense could not have been asserted either in its in initial answer or at some point before the conclusion of discovery. The affirmative defense under § 546(e) turns entirely on prepetition facts, and moreover, all the facts relevant to the legal conclusions Defendant would have to ask the Court to make to assess the validity of that defense were within Defendant's knowledge and control at the outset of this case. For example, Truck World now asserts that it meets the definition of a "commodity broker" under 11 U.S.C. § 101(6) or a "forward contract merchant" under 11 U.S.C. § 101(26). All information it would have needed to make this argument would have been in its possession the day this adversary was filed–July 3, 2007; this is not a scenario in which facts previously unknown to the Defendant revealing the applicability of a previously unconsidered affirmative defense were brought to light via the discovery process.

4

In addition, even had this affirmative defense been omitted from Defendant's initial answer, Defendant could have sought leave to amend its answer to include this argument before discovery was well underway, and certainly before it concluded and before Trustee expended the resources to respond to Defendant's motion for summary judgment, given the protracted discovery history of this case.

Defendant has already filed one motion for summary judgment in this case. That motion could have been the occasion to determine whether the challenged transfers were "settlement payments," that Defendant itself could be accurately defined as a "commodity broker" or "forward contract merchant," etc. It is now nearly *two years* since this adversary was filed. Discovery has already *concluded* even after numerous extensions, most of which were necessitated by Defendant's own intransigence, and that discovery was voluminous, thorough, and involved taking the depositions of many of the same people–Truck World's principals–whose testimony would be necessary to establish the validity of Truck World's new assertions.

In Foman, the Supreme Court did not elaborate on what would make a delay "undue." In this case, the delay includes twenty-two months, more than 5,500 pages of discovery, the lapse of the discovery deadline notwithstanding numerous extensions, and a motion for summary judgment by the party now seeking leave to amend. It would take an extraordinarily persuasive explanation to make such a delay anything other than "undue." Defendant has provided no explanation whatsoever, and none appears readily apparent from the face of the amendment Defendant seeks to make.

### B. Dilatory Motive

In addition to the undue delay already lapsed, Plaintiff persuasively argues that Defendant seeks to cause yet more delay going forward by bringing this motion to amend at this late stage. (Trustee captions it as an argument of bad faith, but in substance, it speaks to the dilatory-intent rationale under Foman.) Defendant has been thoroughly uncooperative throughout this litigation, and it is highly relevant that Defendant has already been sanctioned for ignoring an order compelling discovery. In other words, Defendant first was uncooperative with Plaintiff's discovery requests without court involvement, then was uncooperative with Plaintiff's discovery requests backed by a Court order, and then even failed to produce discovery when the matter had escalated into a motion for sanctions. In addition, as already discussed in Part II.A, Defendant has offered no reason why this § 546(e) defense was not asserted in its initial answer or shortly thereafter, when the delay would have been substantially less and Defendant's motives far less open to question.

Litigating this affirmative defense would require yet more discovery, and very possibly an additional motion for summary judgment. The parties in this case have already had far longer than is typical to conduct discovery, and Defendant has already submitted one extensive motion for summary judgment. Allowing this amendment would give Defendant cause to delay these

5

proceedings even further, likely substantially so even if Defendant were to be fully cooperative with further discovery–a benefit of the doubt which the Court is no longer obligated nor inclined to give, given the compulsion order, the sanctions order, and the hours Defendant has forced Trustee's counsel to spend securing compliance with discovery requests. (See Aff. of Chrysanthe Vassiles, Dec, 19, 2008.)

### C. Prejudice to Plaintiff

Permitting this amendment at this late stage of the proceedings would substantially prejudice Trustee, and would unjustifiably compromise the speedy and efficient administration of the estate in the underlying bankruptcy case. First, while the nonmoving party bears the burden of showing that it would be prejudiced by permitting an amendment, that burden grows lighter with the passage of time: "The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." Phelps v. McClellan, 30 F.3d 658, 662 (6th Cir. 1994) (internal quotations omitted).

> In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Id. at 662-63. The assertion of the § 546(e) claim at this point would require Trustee to expend significant additional resources to conduct discovery, which would be adding insult to injury given that Defendant is already under sanction for retarding discovery and that many of the individuals that Plaintiff would likely need to depose would be those already deposed once. In addition, the Court cannot discount the possibility that additional expert testimony would be needed, given the specialized nature of § 546(e). The Court cannot determine whether Plaintiff would involve spending significant additional resources to prepare for trial, as the § 546(e) defense appears predominantly legal and might well be resolved in a further motion for summary judgment; however, Plaintiff would have to spend additional time and money beyond further discovery to brief that issue. If the issue could not be resolved for one side or the other on later cross-motions for partial summary judgment, then Plaintiff would incur the additional expenses of preparing for trial on this issue as well.

In addition, the prospect of litigating this issue significantly delaying the resolution of the dispute is all but certain: § 546(e) is a specialized affirmative defense, and bringing it into the case at this point would require the parties to start from scratch on that point. The parties agree only on the most basic of issues associated with this defense, e.g., that diesel fuel is in fact a "commodity." Plaintiff's discovery has unearthed many facts that would be useful in litigating this issue, simply by coincidence and the law of large numbers–in 5,500 pages of discovery, many facts can be unearthed. However, Plaintiff would still almost certainly be unable to rely entirely on facts already discovered, and would therefore need to conduct additional discovery

6

actually directed at the factual predicates of the newly-asserted affirmative defense. This is work that Plaintiff could have been doing, and would have had done, months or even more than a year ago had Defendant not tarried until now to try to bring this issue into play.

## III. Conclusion

Truck World has given no reason for its failure to assert its new affirmative defense in its initial answer, or before it filed its own motion for summary judgment and forced Plaintiff to respond to that. Defendant's conduct has been dilatory to the point of incurring a sanctions order for its failure to comply with previous discovery requests, and the Court finds Plaintiff's argument that Defendant's intentions remain dilatory to be credible. In addition, allowing the assertion of a new affirmative defense at this stage of the proceedings would significantly delay the resolution of this dispute and require the bankruptcy estate, which has already spent prodigious resources in both time and money litigating this action, to spend even more, nearly all of which could have been avoided had Truck World asserted this defense at the outset. Truck World was in a position to know of this defense at the commencement of this case and had the best access of any party to the facts necessary to establish it. Its failure to do so until twenty-two months have passed, until the discovery deadline had already expired (after numerous extensions), and until after it already filed one motion for summary judgment is inexcusable. After nearly two years, this matter is finally on the eve of trial–and Defendant now brings leave to amend a pleading filed in the opening days in the case to raise complex issues largely unrelated to any on which discovery has already been conducted, essentially restarting the clock. Justice does not require leave to do this.

Defendant's motion will be denied by a separate order to be entered concurrently with this opinion.

**/S/ RUSS KENDIG**

RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List:**

Chrysanthe E Vassiles
Gordon D Woolbert, II
Joel K Dayton
Black McCuskey Souers and Arbaugh
220 Market Ave., South, Suite 1000
Canton, OH 44702

David A Zdunkewicz
Andrews Kurth LLP
600 Travis Suite 4200
Houston, TX 77002

Jerry M Bryan
6 Federal Plaza Central
Suite 1300
Youngstown, OH 44503

Truck World, Inc.
7010 Truck World Blvd.
Hubbard, OH 44425